ROBBINS GELLER RUDMAN
  & DOWD LLP
DOROTHY P. ANTULLIS
STUART A DAVIDSON
LINDSEY H. TAYLOR
NICOLLE B. BRITO
ALEXANDER C. COHEN
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
dantullis@rgrdlaw.com
sdavidson@rgrdlaw.com
ltaylor@rgrdlaw.com
nbrito@rgrdlaw.com
acohen@rgrdlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>   vs.<br><br>23ANDME, INC.,<br><br>                    Defendant. | Case No. 3:23-cv-5717<br><br>MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM |

## I. Introduction

Plaintiff John Doe ("Plaintiff"), by and through his undersigned counsel, hereby respectfully moves to proceed in this action under a pseudonym[1], and in support thereof, states as follows:

## II. Legal Standard

Ninth Circuit precedent "allow[s] parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1980)). Courts balance "the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068 (citations omitted).

Courts applying this balancing test have recognized three situations allowing a plaintiff to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* (internal quotation marks and citations omitted); *see also Roe v. San Jose Unified Sch. Dist. Bd.*, 2021 WL 292035, at *7 (N.D. Cal. Jan. 28, 2021). Here, both the first and second situation apply.

## III. Discussion

As discussed in more detail in Plaintiff's Complaint, *see* ECF 1, Plaintiff is the victim of a politically and/or racially motivated Data Breach, in which nefarious third parties have sought out and acquired the personally identifiable information ("PII") of a large number of Ashkenazi Jews and Chinese individuals. The purpose of the Data Breach and leak of Plaintiff's and the other Class members' PII was to "out" them by disclosing their Jewish ancestry and other identifying

---

[1] Plaintiff is not seeking to keep his identity hidden from Defendant or its counsel, obviating any concern of potential unfairness to the opposing party.

information that could be used against them. *See id.* As such, both the first and second situations allowing a plaintiff to proceed anonymously are present here.

First, Plaintiff is at a clear and present risk of retaliatory physical or mental harm. *See Does I thru XXIII*, 214 F.3d at 1068. As alleged in Plaintiff's Complaint, anti-Semitic acts targeting Jewish people are at the highest levels since World War II, including just last month the largest massacre of Jews since the Holocaust, taking place at the hands of the genocidal terrorist group Hamas in Israel. *See* ECF 1. As such, Plaintiff has clearly demonstrated that the use of a pseudonym is appropriate in this situation.

Second, anonymity is necessary to preserve privacy in this case. *See Does I thru XXIII*, 214 F.3d at 1068. This case is about a Data Breach that resulted in the unauthorized disclosure of Plaintiff's PII, which is now for sale on the dark web. Compelling Plaintiff to publicly disclose his identity not only results in him implicitly attesting to the accuracy of the information available on the dark web concerning him, but also would vitiate the exact same privacy interest he seeks to protect. *See Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) ("if plaintiffs are required to reveal their identity prior to the adjudication on the merits of their privacy claim, they will already have sustained the injury which by this litigation they seek to avoid.") (citing *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958)). As such, this situation is also clearly met.

Here, balancing "the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party," *Does I thru XXIII*, 214 F.3d at 1068, the Motion should most certainly be granted. The need to protect Plaintiff, both from a physical perspective, as well as from a privacy prospective in this privacy case, is of the utmost importance. There is no risk of unfairness to Defendant, since Plaintiff is willing to disclose his identity to Defendant and its counsel. The general presumption that a party's identity is public information has been rebutted by the showing of two discreet, but related "unusual" situations, and the Motion should be granted.

### IV.  Conclusion

For the above reasons, Plaintiff respectfully requests that the instant Motion be granted, and that Plaintiff be permitted to proceed in this matter under a pseudonym.

| | | |
|---|---|---|
| 1 | DATED: November 6, 2023 | ROBBINS GELLER RUDMAN & DOWD LLP |

DOROTHY P. ANTULLIS*
STUART A. DAVIDSON*
LINDSEY H. TAYLOR*
NICOLLE B. BRITO
ALEXANDER C. COHEN*

                *s/ Nicolle B. Brito*
                NICOLLE B. BRITO

225 NE Mizner Boulevard, Suite 720
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)
dantullis@rgrdlaw.com
sdavidson@rgrdlaw.com
ltaylor@rgrdlaw.com
nbrito@rgrdlaw.com
acohen@rgrdlaw.com

Attorneys for Plaintiff

*pro hac vice forthcoming